# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ERIC LEE YOUNGS,**

    **Plaintiff,**

**vs.**                                            **Case No. 4:20cv205-WS-MAF**

**FLORIDA STATE HOSPITAL STAFF, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, initiated this case on April 23, 2020, bu submitting a civil rights complaint, ECF No. 1. Plaintiff did not pay the filing fee for this case or submit an in forma pauperis motion at the time of case initiation. Thus, an Order was entered in late April directing him to do one or the other if he wanted to proceed. ECF No. 3. When Plaintiff failed to comply with that Order, a Report and Recommendation was entered, ECF No. 4, recommending dismissal for failure to prosecute and comply with a Court Order. ECF No. 4.

Subsequently, Plaintiff submitted a belated in forma pauperis motion, ECF No. 5, demonstrating his intent to proceed. However, that motion was insufficient and ruling was deferred on the motion, but the prior Report and Recommendation was vacated and Plaintiff given another opportunity to comply. ECF No. 6. An Order was entered explaining what Plaintiff must do to proceed, and he was given until July 27, 2020, to comply. *Id.* Additionally, Plaintiff was required to explain the basis for his detention at the Hospital to determine if he was a "prisoner" as defined by 28 U.S.C. § 1915(h). ECF No. 6. As of this date, Plaintiff has not complied with either requirement, despite being warned that if he again failed to comply, a recommendation would be made to dismiss this case. *Id.* As of this date, nothing further has been received from Plaintiff. It appears that he has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent

power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Because Plaintiff did not comply with a Court Order and has failed to prosecute this case, dismissal is now appropriate.

### Recommendation

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on August 5, 2020.


     S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.